UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:10-cv-899 |
| VS. | § § § | JURY |
| ADMIRAL INSURANCE COMPANY | § § | |
| Defendant. | § | COMPLAINT |

## COMPLAINT

Scottsdale Insurance Company (Scottsdale) brings this complaint against Admiral Insurance Company (Admiral), and would show:

1.  This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for affirmative relief. Scottsdale asks this court to interpret insurance policies and to declare that Admiral has a duty to defend and indemnify James Construction Company (JCC) in Cause No. 2007-CI-08872, in the 57th Judicial District Court of Bexar County, Texas, styled *Alamo Area Mutual Housing Association* (Alamo) *v. C.F. Jordan, L.P. d/b/a Jordan Construction Services* (Jordan), (the Lawsuit). Scottsdale also seeks affirmative relief for loss adjustment expenses incurred in defending claims; settlement monies that may be paid out; and indemnity dollars that may be paid; in the Lawsuit.

2. Scottsdale is a stock insurance company incorporated in the State of Ohio with its principal place of business in Scottsdale, Arizona. Scottsdale is duly authorized to engage in the business of insurance in the State of Texas. Scottsdale is an Arizona and Ohio Citizen.

3. Admiral is a Delaware Corporation, eligible to transact business in the State of Texas. Admiral's principal place of business is in Cherry Hills, New Jersey. Admiral has not designated an attorney for service with the Texas Department of Insurance. Admiral can be served by serving the Commissioner of Insurance for the State of Texas.

4. Venue is properly placed under 28 U.S.C. § 1391.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists between the plaintiff and defendant, as Scottsdale is an Arizona and Ohio citizen, and Admiral is a Delaware and New Jersey citizen. No defendant is an Arizona or Ohio citizen. This Court has jurisdiction under 28 U.S.C. § 1332.

6. This action concerns a case or controversy, because Scottsdale seeks affirmative relief and to have coverage elements determined on policies of insurance Admiral and Scottsdale issued to JCC.

7. Scottsdale and James Construction Company (JCC) entered into a general

liability insurance contract numbered BCS0009639 (BCS Policy), for the period 1/28/05 to 1/28/06. A true and correct copy of the BCS Policy is attached and incorporated as labeled Exhibit 1. Admiral issued general liability insurance contract number CA000008413-01 (CA Policy) to JCC for the policy period 1/28/06 to 1/28/07.

8. Jordan acted as the general contractor for an apartment complex owned by Alamo, located in San Antonio. Alamo brought the Lawsuit against Jordan, in 2007, for construction defects on the apartment complex. Jordan brought a third-party petition against JCC in the Lawsuit. Alamo amended its petition to bring a claim against JCC.

9. Alamo brought negligence claims against Jordan and its subcontractors, including JCC. The negligence claims included allegations of resulting damages.

10. Alamo alleged that it became aware of certain damages in late 2006, in its original petition. Alamo joined JCC in its fifth amended petition.

11. Alamo first brought suit in June, 2007. Alamo did not have pending proceedings of any kind before filing its original petition in the Lawsuit.

12. Scottsdale afforded a defense to JCC for Alamo's claim and Jordan's third-party claim. Although defense of Alamo's claim and Jordan's third-party claim against JCC were tendered to Admiral, Admiral refused to afford a defense and

declined coverage. Defense costs (loss adjustment expenses) incurred by JCC in the Lawsuit have been satisfied by insurance proceeds from Scottsdale. Admiral declined all coverage under it policy issued to JCC.

13. Admiral had a duty to defend JCC under the policy of insurance it issued to JCC. That duty was triggered by the filing of the third-party claim and the fifth amended petition in the Lawsuit as well as JCC's tender of the defense of those claims to Admiral. The live pleadings in Alamo' claim and Jordan' third-party claim contained allegations with stated facts that would support a cause of action against JCC, within the coverage of the Admiral policy issued to JCC. Alamo' claim and Jordan' third-party claim also reflected claims against JCC for which Admiral had an obligation to settle and provide indemnity.

## DECLARATORY RELIEF

14. Admiral has a duty to defend JCC in the Lawsuit. Admiral has not participated in the defense costs for the Lawsuit. Admiral also has a duty to participate in a potential settlement and in indemnity for a covered claim and covered third-party claim against JCC, arising out of the Lawsuit.

15. An actual, real, and substantial controversy now exists between Scottsdale and Admiral regarding Admiral's duty to defend, to settle, and to indemnify JCC under the policy of insurance Admiral issued to JCC.

16. Because of this controversy, Scottsdale has defended JCC for the claims brought by Alamo and the third-party claims brought by Jordan without Admiral's's participation. Unless and until such controversy and the rights and legal relations of the parties are judicially determined, adjudicated, and declared in this action, Admiral will continue to refuse to pay its allocated share of loss adjustment expenses to Scottsdale for defense of JCC. Admiral will also refuse to participate in any settlement of the Lawsuit. Admiral has an obligation to reimburse Scottsdale for Admiral's allocated share of defense costs incurred for and paid on behalf of JCC as well as its allocated share of monies that may be paid out by Scottsdale to settle the claims and third-party claims against JCC, in the Lawsuit.

17. Scottsdale also seeks recovery of its reasonable and necessary attorney's fees incurred in prosecuting this declaratory judgment action against Admiral, as allowed under applicable federal law.

## CONTRIBUTION

18. The BCS Policy and the L Policy provide in SECTION IV- CONDITIONS 4.c.:

> **Method of Sharing**
>
> If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributing equal amounts until it

>has paid its applicable limit of insurance or none of the *loss* remains, whichever comes first.
>If any other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers. (Emphasis added)

19. The method of sharing only applies to *loss* (indemnity), not defense. Accordingly, Scottsdale did not contractually agree to pay only its pro rata share of defense costs. Scottsdale and Admiral had a common obligation to pay defense costs incurred by JCC in defending claims that fall within the coverage of Admiral's policies issued to JCC. This common obligation creates a right of contribution in Scottsdale for Admiral's 50 percent pro rata share.

20. Scottsdale has paid more than its fair share of the defense costs/loss adjustment expenses. Scottsdale has paid the defense costs incurred by JCC in the Lawsuit. Scottsdale has the right to recover the excess amount of defense costs paid by it from Admiral, because Admiral violated its duty to defend the common insured, JCC.

21. Admiral and Scottsdale shared a common obligation to afford a defense to JCC for the Lawsuit. Scottsdale has made a compulsory payment or other discharge of more than its fair share of this common obligation.

22. The obligation to pay defense costs is equally and concurrently due by Admiral and Scottsdale. Scottsdale is entitled to recover those defense costs to be shared by

the policy of insurance issued by Admiral to JCC. Admiral had an obligation to pay 50 percent (50%) of the defense costs incurred by JCC in the Lawsuit. For which Scottsdale seeks recovery.

## SUBROGATION

23. The BCS Policy provides at SECTION IV - CONDITIONS.8:

> If the insured has rights to recover all or part of any payment we have made under this Coverage part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

24. Admiral should have paid its allocated share of defense costs paid, and to be paid, by Scottsdale on behalf of the mutual insured, JCC. JCC has the right to recover all or part of the payments made by Scottsdale for defense costs incurred by and paid on behalf of JCC in the Lawsuit. JCC has transferred those rights to Scottsdale. Scottsdale is asserting its subrogation right to the contractual right JCC has to recover defense costs incurred by and paid on behalf of JCC in the Lawsuit, which Admiral had the obligation to pay, per its insurance policy.

25. Admiral entered an insurance policy with JCC that obligated Admiral to pay JCC's defense costs incurred in the Lawsuit as well as potentially settle the claims and third-party claims in the Lawsuit. Admiral breached its policy of insurance by

failing to afford a defense, by failing to participate in the payment of defense costs, and by refusing to participate in the potential payment of settlement monies, on behalf of JCC in the Lawsuit. Those breaches caused damage to JCC. Scottsdale seeks recovery, by way of contractual subrogation, for the defense costs incurred by JCC that Admiral contractually agreed to pay, but has refused to pay; as well as for the settlement monies that may be paid out on behalf of JCC that Admiral contractually agreed to pay, but has refused to even participate in, if required.

26.	Scottsdale also seeks recovery of the attorney's fees incurred by them in prosecuting this subrogation claim under Chapter 38 of the Texas Civil Practices and Remedies Code.

## EQUITABLE SUBROGATION

27.	Scottsdale also seek equitable subrogation for the defense costs it paid out and will pay out on behalf of JCC, relating to the Lawsuit; and for which Admiral had the obligation to pay.

28.	Scottsdale seeks reimbursement of the monies paid in defense of the claims and third-party claims against JCC in the Lawsuit; and for which Admiral had the obligation to pay.

29.	Scottsdale is entitled to such recovery under equitable subrogation.

## JURY DEMAND

30.     Scottsdale requests a trial by jury and will tender the appropriate fees.

## PRAYER

WHEREFORE, Scottsdale respectfully request:

   A.    That this Court determine and adjudicate the rights and liabilities of the parties to this action regarding the BCS Policy and the CA Policy issued to JCC;

   B.    That this Court find and declare that Admiral had, and has, a duty to defend, settle, and indemnify JCC in the Lawsuit;

   C.    That this Court find and declare that Admiral has a duty to pay its pro rata share of the defense costs incurred by JCC in the Lawsuit;

   D.    That this Court find and declare that Admiral has a duty to pay its pro rata share of any settlement that may be paid on JCC's behalf to settle the Lawsuit;

   E.    That this Court grant Scottsdale judgment against Admiral for Admiral's pro rata share of defense costs/loss adjustment expense incurred by and settlement monies potentially paid on behalf of JCC for the claims and third-party claims in the Lawsuit;

   F.    That Admiral, its attorneys, and agents be restrained and prohibited from filing or prosecuting any action in any other court in this cause upon the issues raised in this complaint;

G. That the Court award Scottsdale reimbursement of attorney's fees and loss adjustment expenses incurred in defending JCC in the Lawsuit that should have been paid by Admiral;

H. That the Court award Scottsdale reimbursement of potential settlement monies that may be paid on behalf of JCC in the Lawsuit which should have been paid by Admiral;

I. That the Court award Scottsdale its attorney's fees incurred in this action, through appeal, under equity, the federal declaratory judgment act or Chapter 38 of the Texas Civil Practices and Remedies Code;

J. That the Court award Scottsdale its costs, prejudgment interest, and postjudgment interest, as allowed by applicable law; and

K. That the Court grant Scottsdale such other and further relief as it may deem just and proper.

Respectfully submitted,

BURT BARR & ASSOCIATES, L.L.P.

By: /s/ M. Forest Nelson
    M. FOREST NELSON
    State Bar No.  14904625
    Federal ID No. 5934
    203 E. Colorado Blvd
    Dallas, Texas 75203
    (214) 943-0012
    Telefax:  (214) 943-0048

ATTORNEYS FOR SCOTTSDALE
INSURANCE COMPANY